IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LANE MICHAEL VOGT,<br><br>Plaintiff,<br><br>vs.<br><br>BUFFALO COUNTY SHERIFF, and RAVENNA POLICE DEPT.,<br><br>Defendants. | 8:23CV554<br><br>MEMORANDUM AND ORDER |

Plaintiff Lane Michael Vogt, a prisoner proceeding pro se, filed a pro se Complaint, Filing No. 1, on December 18, 2023, a memorandum in support, Filing No. 10, and eleven supplements, Filing No. 9; Filing No. 11; Filing No. 12; Filing No. 13; Filing No. 14; Filing No. 16; Filing No. 17; Filing No. 18; Filing No. 19; Filing No. 20; and Filing No. 21. Leave to proceed in forma pauperis was granted on December 28, 2023. Filing No. 6. The Court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) and, for the reasons set forth below, finds that it is, but that in lieu of dismissal, the Court sua sponte grants Plaintiff leave to amend.

**I. SUMMARY OF COMPLAINT**

Plaintiff brings claims of illegal search and seizure, due process, and cruel and unusual punishment against defendants the Buffalo County Sheriff and the Ravenna

Police Department. Filing No. 1 at 1–3. In support of his claims, Plaintiff alleges that a swat team, tank, and sniper were sent to his home on May 4, 2023, due to Plaintiff having made "alleged threats." Id. at 5. As a result, Plaintiff submits his home was illegally searched pursuant to an invalid search warrant which was issued based on allegedly false or incorrect information in the affidavit supporting the warrant and he was arrested based on an invalid unsigned warrant. Filing No. 1 at 4; Filing No. 10. Plaintiff submits that he was almost shot by a sniper during the arrest and that he suffers PTSD and nightmares as a result of the May 4 incident. Filing No. 1 at 5.

Following his arrest on September 7, 2023, Plaintiff alleges that he was placed in a cell with a mentally ill and violent inmate named Michael Scott. On November 5, 2023, Plaintiff submits that "Michael Scott was placed in room at church with [Plaintiff] and he approached [Plaintiff] and was talking before depositions were done." Id. at 4.

Plaintiff further alleges he has filed several grievances with the Buffalo County Jail where he is housed, apparently due to his cell assignment, but that no action has been taken. Id. at 6.

Plaintiff alleges violations of his due process right to a fair trial, illegal search and seizure, Eighth Amendment cruel and unusual punishment, and prison grievance access and response violations, and seeks the dropping of all charges against him and release from incarceration, $500,000 in damages from defendant Ravenna Police Department for lacking probable cause to arrest him, and $500,000 in damages from defendant Buffalo County Sheriff for their actions in his arrest and for placing him in a cell with Michael Scott. Id. at 3, 5.

## II. APPLICABLE STANDARDS ON INIITAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. See 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). While "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties," *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (internal quotation marks and citations omitted), pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that

3

"each allegation ... be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555).

### III. DISCUSSION

Plaintiff, a pretrial detainee, seeks dismissal of the charges against him and release from incarceration alleging due process violations relating to the charges brought against him and illegal search and seizure at the time of his arrest. Filing No. 1 at 5. The abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971), directs that federal courts must not interfere with, or intervene in, ongoing criminal proceedings in state court. See Tony Alamo Christian Ministries v. Selig, 664 F.3d 1245, 1250 (8th Cir. 2012) ("For purposes of applying Younger abstention, the relevant time for determining if there are ongoing state proceedings is when the federal complaint is filed."). Absent extraordinary circumstances, this Court must abstain from exercising jurisdiction over any civil action that challenges a plaintiff's ongoing criminal proceedings. See Hudson v. Campbell, 663 F.3d 985, 987 (8th Cir. 2011) ("The Younger abstention doctrine derives from notions of federalism and comity. Younger itself held that, absent extraordinary circumstances, federal courts should not enjoin pending state criminal prosecutions.").

Here, Plaintiff alleges no such extraordinary circumstances in his Complaint or supplemental pleadings. Therefore, to the extent Plaintiff seeks release from incarceration and dismissal of the charges against him as relief for the due process and

4

search and seizure violations he alleges, such relief is not available to Plaintiff pursuant to *Younger* and cannot proceed and shall be dismissed.

The only potentially cognizable relief sought by Plaintiff is contained in his demand for damages, seeking monetary relief for the PTSD he allegedly suffers due to the allegedly violent behavior of unnamed officers during his arrest, a claim against prison officials for failure to protect relating to placement with his current allegedly violent and mentally ill cellmate, and a claim relating to the alleged lack of action addressing his grievances by, again, unnamed prison officials. However, Plaintiff names only the Buffalo County Sheriff and the Ravenna Police Department as defendants. Filing No. 1 at 3. And, entities such as police and sheriff departments are not suable defendants under § 1983. *Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (8th Cir. 1992); *De La Garza v. Kandiyohi County Jail,* 2001 WL 987542, at *1 (8th Cir. 2001) (sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983). Therefore, to the extent Plaintiff intends to bring claims relating to the PTSD he suffers from his arrest, his cell assignment, and lack of functioning of the prison grievance procedure, as pleaded currently there are no defendants against which to proceed.

Therefore, even if Plaintiff had connected his claims to each individual defendant, and even given the most liberal construction of his Complaint, his claims must fail as the Buffalo County Sheriff and the Ravenna Police Department are not proper defendants. Therefore, as Plaintiff cannot continue against these defendants, and as Plaintiff did not name any other defendants, his Complaint cannot proceed in its current form and is

5

therefore subject to preservice dismissal under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

For the reasons set forth herein, Plaintiff's Complaint fails to state a claim upon which relief may be granted against any named Defendant and is subject to preservice dismissal under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2). In lieu of dismissal the Court grants Plaintiff leave to amend if he so chooses in accordance with this Order.

IT IS THEREFORE ORDERED that:

1. This Court must abstain from addressing any of Plaintiff's due process and illegal search and seizure claims to the extent the relief he seeks is release from incarceration and/or dismissal of the charges currently pending against Plaintiff pursuant to *Younger v. Harris*. Any claims seeking such relief are therefore dismissed without prejudice.

2. Plaintiff shall have through and until **October 23, 2024**, to file an amended complaint, which shall fully replace and supersede the Complaint and Supplements filed. If Plaintiff intends to file an amended complaint addressing any claims seeking relief other than release or dismissal of charges, any amended complaint must name proper defendants, dismiss the Buffalo County Sheriff and the Ravenna Police Department from this action, and sufficiently connect his claims to the newly named defendants. *Plaintiff should be mindful to clearly explain what each defendant did to him, when each defendant did it, how each defendant's actions harmed him, and what specific legal rights Plaintiff believes each defendant violated.*

3. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, his Complaint will be dismissed without prejudice and without further notice.

4. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after he addresses the matters set forth in this Memorandum and Order.

5. The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **October 23, 2024:** Check for amended complaint.

Dated this 23rd day of September, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court